UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 3:21-cr-11-RLY-MPB |
| | ) Cause No. 3:21-cr-12-RLY-MPB |
| CODY PFETTSCHER, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S MOTION FOR PRETRIAL DETENTION**

COMES NOW the United States of America, by John E. Childress, Acting United States Attorney for the Southern District of Indiana, and Kristian R. Mukoski, Assistant United States Attorney, and respectfully moves this Court to detain the defendant before trial, pursuant to 18 U.S.C. § 3142(e) and (f), and submits the following:

When a motion for pretrial detention is made, the Court engages in a two-step analysis. First, the judicial officer must determine whether one of ten conditions exists for considering a defendant for pretrial detention. Second, after a hearing, the Court determines whether the standard for pretrial detention is met. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988).

A defendant may be considered for pretrial detention in only ten circumstances: when a case involves one of eight types of offenses or two types of risks.  A defendant is eligible for detention upon motion by the United States in cases involving (1) a crime of violence, (2) a violation of 18 U.S.C. § 1591; (3) an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; (4) an offense for which the maximum sentence is life imprisonment or death; (5) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, the Controlled

Substances Import and Export Act, or chapter 705 of Title 46 (maritime drug law enforcement); (6) any felony where the defendant has two or more federal convictions for the above offenses, two or more state or local convictions for identical offenses, or a combination of such offenses; (7) any felony that is otherwise not a crime of violence that involves a minor victim or that involves the possession or use of a firearm, destructive device, or any other dangerous weapon; or (8) any felony that involves a failure to register under 18 U.S.C. § 2250 (sex offender and crimes against children registry). *See* 18 U.S.C. § 3142(f)(1)(A) - (E). A defendant is also eligible for detention upon motion by the United States or the Court *sua sponte* in cases involving (1) a serious risk that the person will flee or (2) a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, a prospective witness or juror. *See* 18 U.S.C. § 3142(f)(2); *United States v. Sloan*, 820 F.Supp. 1133, 1135-36 (S.D. Ind. 1993). The existence of any of these ten conditions triggers the detention hearing, which is a prerequisite for an order of pretrial detention. *See* 18 U.S.C. § 3142(e). The judicial officer determines the existence of these conditions by a preponderance of the evidence. *Friedman*, 837 F.2d at 49. *See United States v. DeBeir*, 16 F.Supp.2d 592, 595 (D. Md. 1998) (serious risk of flight); *United States v. Carter*, 996 F.Supp. 260, 265 (W.D. N.Y. 1998) (same).

Once it is determined that a defendant qualifies under any of the ten conditions of section 3142(f), the court may order a defendant detained before trial if the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required, and the safety of any other person and the community. *See* 18 U.S.C. § 3142(e). Detention may be based on a showing of either dangerousness or risk of flight; proof of both is not required. *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985). With respect to reasonably assuring the appearance of the defendant, the United States bears the burden of proof by a

preponderance of the evidence. *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985); *United States v. Himler*, 797 F.2d 156, 161 (3d Cir. 1986); *United States v. Vortis*, 785 F.2d 327, 328-29 (D.C. Cir.), *cert. denied*, 479 U.S. 841, 107 S.Ct. 148, 93 L.Ed.2d 89 (1986); *Fortna*, 769 F.2d at 250; *United States v. Chimurenga*, 760 F.2d 400, 405-06 (2d Cir. 1985); *United States v. Orta*, 760 F.2d 887, 891 & n. 20 (8th Cir. 1985); *United States v. Leibowitz*, 652 F.Supp. 591, 596 (N.D. Ind. 1987). With respect to reasonably assuring the safety of any other person and the community, the United States bears the burden of proving its allegations by clear and convincing evidence. *See* 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739, 742, 107 S.Ct. 2095, 2099, 95 L.Ed.2d 697 (1987); *Portes*, 786 F.2d at 764; *Orta*, 760 F.2d at 891 & n. 18; *Leibowitz*, 652 F.Supp. at 596; *United States v. Knight*, 636 F.Supp. 1462, 1465 (S.D. Fla. 1986). Clear and convincing evidence is something more than a preponderance of the evidence but less than proof beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 431-33, 99 S.Ct. 1804, 1812-13, 60 L.Ed.2d 323 (1979).

The defendant is charged under Cause Number 3:21-cr-11-RLY-MPB with one count of possession of a firearm by an unlawful user of a controlled substance, in violation of Title 18, United States Code, Section 922(g)(3), as well as one count of possession of an unregistered firearm, in violation of Title 26, United States Code, Section 5861(d). These are felonies that involve the possession or use of a firearm. *See* 18 U.S.C. § 3142(f)(1)(E), 18 U.S.C. § 922(g)(3), and 26 U.S.C. § 5861(d).

The defendant is charged under Cause Number 3:21-cr-12-RLY-MPB with one count of possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), one count of carrying a firearm during and in relation to a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c), and one count of possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section

922(g)(1). Possession with intent to distribute methamphetamine is an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. *See* 18 U.S.C. § 3142(f)(1)(C) and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). Carrying a firearm during and in relation to a drug trafficking crime and possession of a firearm by a convicted felon are felonies that involve the possession or use of a firearm. *See* 18 U.S.C. § 3142(f)(1)(E), 18 U.S.C. § 924(c), and 18 U.S.C. § 922(g)(1).

The government is moving to detain the defendant based on a serious risk that the defendant will flee in order to avoid prosecution and the risk of danger the defendant poses to other persons and the community.

A rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance or the safety of any other person and the community arises when the judicial officer finds that there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled substances Act, *see* 18 U.S.C. §§ 3142(e)(3)(A), or an offense under Title 18, United States Code, Section 924(c). *See* 18 U.S.C. § 3142(e)(3)(B). As stated above, the defendant is charged with these offenses. It is therefore presumed that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community.

This presumption creates a burden of production upon a defendant, not a burden of persuasion: the defendant must produce a basis for believing that he will appear as required and will not pose a danger to the community. Although most rebuttable presumptions disappear when any evidence is presented in opposition, a section 3142(e) presumption is not such a "bursting bubble." *Portes*, 786 F.2d at 765; *United States v. Jessup*, 757 F.2d 378, 383 (1st Cir. 1985).

Therefore, when a defendant has rebutted a presumption by producing some evidence contrary to it, a judge should still give weight to Congress' finding and direction that offenders involved in certain offenses, as a general rule, pose special risks of flight and dangers to the community. *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986) (presumption of dangerousness); *United States v. Diaz*, 777 F.2d 1236, 1238 (7th Cir. 1985); *Jessup*, 757 F.2d at 383.

Assuming *arguendo* the defendant can rebut the presumption, the defendant may still be detained, upon the Court's consideration of the evidence presented on the issue of release or detention, weighed in accordance with the factors set forth in 18 U.S.C. § 3142(g) and the legal standards set forth above. Among the factors considered both on the issue of flight and dangerousness to the community are (1) the nature and the circumstances of the offense charged, (2) the weight of the evidence, and (3) the nature and seriousness of the danger to any person or the community posed by release. *See* 18 U.S.C. § 3142(g).

The Government submits the following with regard to each factor:

1)     The Nature and the Circumstances of the Offense Charged.

    A.     The Nature of the Offense

The offenses charged in the indictment under Cause Number 3:21-cr-11-RLY-MPB allege that on March 30, 2019, the defendant possessed and discharged a Ruger LCP .380 caliber semi-automatic pistol after recently smoking marijuana, and the defendant possessed four .22 caliber smooth-bore 3D printed firearms that were not registered to him in the National Firearms Registration and Transfer Record.

The offenses charged in the indictment under Cause Number 3:21-cr-12-RLY-MPB allege that on March 4, 2021, the defendant, a convicted felon, possessed with the intent to

distribute approximately half an ounce of methamphetamine while carrying a Taurus G2C 9mm pistol.

        B.        The Circumstances of the Offense

The circumstances surrounding these offenses are particularly aggravated. On March 30, 2019, law enforcement officers with the Evansville Police Department responded to a report of a shooting at 431-E Cross Valley Circle. Upon arriving at that residence, the officers observed an adult female, D.S., sitting on a couch with a gunshot wound to her abdomen. The officers further observed the defendant, the boyfriend of D.S., holding their infant son. The officers located a spent .380 caliber shell casing on the floor of the residence. The officers also observed suspected marijuana and paraphernalia in plain view.

The defendant denied the officers consent to search the residence, and the officers subsequently obtained a state search warrant for the residence. Upon searching the residence, the officers located underneath a bedroom mattress one black Ruger LCP .380 caliber pistol. The pistol had no round in the chamber. The officers also located one fifty round box of .380 ammunition, four 3D printed firearms, one 3D printer, two laptops, a total of eight grams of suspected marijuana, three glass pipes containing burnt residue, one "one hit" pipe containing burnt residue, two "one hitter" boxes, one grinder, one partial pack of rolling papers, and one bong.

Law enforcement officers interviewed D.S. at Deaconess Hospital Midtown. D.S. stated that the defendant was "playing" with a recently purchased pistol and accidentally shot D.S. D.S. further stated that the defendant was intoxicated when he shot her. D.S. stated that the defendant was an avid user of marijuana and had recently smoked marijuana before shooting her. D.S. indicated that her infant son was a few feet away from D.S. when she was shot. D.S. further

indicated that the 3D printer belonged to the defendant and that he utilized the 3D printer to print items, including the 3D printed firearms seized by law enforcement.

ATF subsequently tested the four 3D printed firearms seized from the residence. ATF determined that the firearms could readily be put in operating condition, that the firearms, as smooth-bore pistols, required registration under the National Firearms Act, and that the firearms were not registered to the defendant in the National Firearms Registration and Transfer Record.

The defendant was charged in state court for offenses related to the March 30, 2019 incident. The defendant was eventually released on bond, and while out on bond, he proceeded to engaged in armed drug dealing. To that end, on March 4, 2021, Vanderburgh County Sheriff's deputies conducted a traffic stop of a vehicle in which the defendant was a backseat passenger. The deputies obtained consent to search the vehicle. During a frisk of the defendant, a deputy located one unspent 9mm bullet inside the defendant's pocket. Deputies then searched the vehicle. While searching the area in which the defendant sat, a deputy located the defendant's driver's license, as well as a Taurus G2C 9mm pistol in the area near the defendant's feet. The bullets loaded in the firearm matched the bullet found in the defendant's pocket.

While continuing to search underneath the seat immediately in front of the defendant, deputies located a small plastic container that held 3 grams of methamphetamine. Deputies then lifted the seat on which the defendant sat and located two containers that held, respectively, 3.3 grams and 8 grams of methamphetamine. During the search of the vehicle, deputies also located two metal boxes. Deputies used a key found on the defendant's person to open one of the boxes. The first box contained 0.6 grams of methamphetamine and a scale, and the second box contained bags used to package illegal drugs, as well as a sales ledger. Deputies also found the defendant's wallet, which contained $445 in U.S. currency. The total quantity of methamphetamine seized

was 15.9 grams. After his arrest, the defendant made jail calls to his girlfriend in which they discussed whether his girlfriend could claim responsibility for the firearm.

        C.        Potential Penalty

The defendant is facing penalties that include up to 20 years' imprisonment for possession with intent to distribute methamphetamine, up to 10 years' imprisonment for possession of a firearm as an unlawful user of a controlled substance or as a convicted felon, up to 10 years' imprisonment for possession of an unregistered firearm, and a mandatory consecutive sentence of five years' imprisonment for carrying a firearm during and in relation to a drug trafficking crime. These serious potential penalties create an incentive to flee to avoid prosecution.

        2)        The Weight of the Evidence.

The basis for the offense is set forth in the foregoing factual narrative. This evidence demonstrates a high probability of conviction.

        3)        The Nature and Seriousness of the Danger to Any Person or the Community Posed by Release.

The defendant's conduct poses a serious danger to members of the community. The defendant recklessly handled a pistol while intoxicated on marijuana, resulting in the near fatal shooting of his girlfriend. Then while on bond for that offense, the defendant flagrantly disregarded the conditions of his release and proceeded to engage in the distribution of methamphetamine while armed. The defendant has demonstrated a total lack of regard for the safety of others, and he has demonstrated an inability to avoid firearms. Based on the totality of the circumstances presented in this case, the Court cannot reasonably expect that the defendant will abide by conditions of release that assure the defendant's appearance and protect members of the community.

WHEREFORE, the United States respectfully requests that the defendant be detained pending final disposition of this matter.

            Respectfully Submitted

            John E. Childress
            Acting United States Attorney

By: s/ Kristian R. Mukoski
     Kristian R. Mukoski
     Assistant United States Attorney

**CERTIFICATE OF SERVICE**

      I hereby certify that on **May 7, 2021**, a copy of the foregoing Government's Motion for Pretrial Detention was filed electronically. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Ivan Arnaez
Attorney for the Defendant

                                        By:    s/ Kristian R. Mukoski
                                                  Todd S. Shellenbarger
                                                  101 Martin Luther King Blvd.
                                                  Evansville, IN  47708
                                                  Phone:  (812) 465-6475
                                                  Fax:  (812) 465-6444
                                                  E-mail: Kristian.Mukoski@usdoj.gov